LERUM, Respondent, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

(172 N. W. 878).

(File No. 4479.   Opinion filed June 17, 1919).

1. **Carriers—Hog Shipment Wetting Down Hogs—Division of Train, Death of Hogs—Evidence—Sufficiency.**

In a suit for damages for negligence of defendant railway company in failing to properly sprinkle and wet down a carload of plaintiff's hogs enroute to market; evidence being that weather was very warm, that the train conveying the hogs was divided soon after leaving shipping point, into two sections, the hogs being cut out from forward and placed in rear section, which fact plaintiff claimed necessitated more careful and efficient sprinkling of hogs enroute; 20 hogs being dead when delivered at stockyards; several persons experienced in railroad shipping and transportation of hogs, and who opened the cars at destination having testified that car was very dry and dusty. and hogs in very dry hot condition, and that there was no evidence or circumstance indicating that the car of hogs had been wet down or sprinkled during transit; train conductor having testified they were sprinkled and wet three times during transit, the last time 22 miles from destination, and that carloads of stock for delivery at stockyards were left, according to custom, as was this one, at lower end of defendant's switchyard, that the train was there turned over to defendant's switch department; held, the evidence tended to show defendant's negligence in failing to properly sprinkle and wet down the car of hogs while in its possession, and that it was sufficient to sustain verdict for plaintiff.

2. **Evidence—Hog Shipment, Damages for Non-Sprinkled Hogs—Stockyards Employees Unloading Hogs, Testimony Of re Condition, Competency.**

In a suit for damages for loss of hogs alleged to have died enroute because of defendant railway company's negligence in failing to sprinkle them enroute, held, that testimony of persons present when cars were opened at destination stockyards concerning condition of car and hogs, was competent and proper to be considered in determining whether defendant was negligent in failing to properly care for the hogs; they being competent expert witnesses, having had experience in shipping and handling livestock, particularly hogs.

Appeal from Circuit Court, Lyman County.   Hon. WILLIAM WILLIAMSON, Judge.

Action by W. E. Lerum, against the Chicago, Milwaukee & St. Paul Railway Company, to recove damages for loss of hogs

from defendant's negligence while in shipment on defendant's train. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Affirmed.

Porter & Grantham, for Appellant.

M. Q. Sharpe, and Bartine & Bartine, for Respondent.

(2) To point two of the opinion, Respondent cited:

Chamberlayne on Evidence, Sec. 1831, 1972-3, and cases cited; Jones on Evidence, Secs. 368-370; Seckerson v. Sinclair, 24 N. D. 625, 140 N. W. 239.

McCOY, J. Action to recover damages for alleged negligence of defendant railway company in failing to properly shower and wet a certain carload of hogs, and delay in transportation, by reason of which alleged negligence it is claimed many of said hogs died while being transported from Kennebec, S. D., to certain stockyards at Sioux City, Iowa. Verdict and judgment were in favor of plaintiff, and defendant appeals.

[1] Appellant contends that the evidence was insufficient to sustain the verdict. It appears from the record that the car of hogs in question left Kennebec about 6 o'clock p. m. September 15, 1917, and in the usual running of trains should have reached its destination not later than 12 o'clock noon September 16th. By reason of delays said car of hogs did not arrive at Sioux City until about 4 p. m., and were delivered to the specified stockyards about 6 p. m. on September 16th. The 16th was a very warm day. En route the train on which said hogs started from Kennebec was divided at Chamberlain into two sections; the said car of hogs being cut out of the forward section and placed in the second section. Respondent sent a caretaker with said car, who arrived at Sioux City at 9 o'clock a. m. on the 16th, on the forward section of the train on which said hogs left Kennebec. While it is not the contention of respondent that this dividing of said train and delay of the second section alone occasioned his loss, still he claims that such delay made necessary more careful and efficient sprinkling and wetting down of said hogs during the warm afternoon. When delivered at the stockyards 20 of said hogs were dead. The persons who opened said car, and who, the testimony showed, were persons experienced in the shipping and transportation of hogs by railway trains, testified that the car was very dry and dusty, and the hogs in a very dry,

hot condition, and that there was no evidence, or circumstances apparent, indicating that said car of hogs had been wet down or sprinkled during transit; that when there is a proper wetting down of hogs in a car, the bedding in the bottom of the car remains visibly wet until delivered at the stockyards. The conductor of the train which carried these hogs during the daytime of the 16th testified that they had been sprinkled and wet three times during transit, the last time at 2:45 p. m. when 22 miles out of Sioux City; that this sprinkling was done by means of a pipe or spout through which water was sprinkled on the car from the ground as the train moved by the point where the spout was located. This conductor also testified that carloads of stock for delivery at the stockyards were left, according to custom, at the lower end of appellant's switchyard; that when the train in question arrived at Sioux City it was turned over to appellant's switching department, and that he did not know what the switching department did with this car of hogs; that he could not say whether they had been left on the track two or three hours or not. We are of the opinion that this evidence tended to show that appellant had been negligent in failing to properly sprinkle and wet down said car of hogs while in its possession, and that the evidence was sufficient to sustain the verdict.

[2, 3] Appellant objected to the reception in evidence of the statements of the persons who were present at the time said car was opened at the stockyards, concerning the apparent condition of the car and hogs at the time they were received. We are of the opinion that such testimony was competent and proper circumstances to be taken into consideration as to whether or not appellant was negligent in failing to properly care for said hogs. We are of the view that said persons were competent expert witnesses, having had experience in the shipping and handling of live stock, particularly hogs, to state their opinions as to whether or not said car of hogs had been properly sprinkled, and wet down during transit.

All assignments of error have been fully considered. It will serve no useful purpose to further refer thereto. .

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.